Nash, J.
The district court found that Mrs. Nieberding, at the time she executed the mortgage to Doerner, was examined by the notary, who took the acknowledgment separate and apart from her husband, and ordered the acknowledgment to be corrected so as to show this fact. We cannot interfere with this finding of fact, as it is not manifestly against the weight of the evidence.
After the execution of this mortgage, and before the correction thereof by the court, Mrs. Nieberding and her husband conveyed the mortgage premises to Clements, the plaintiff in error. All the witnesses, speaking upon this point, concur in saying that Mrs. Nieberding conveyed the land to Clements in payment of a pre-existing debt, and that Clements acted in good faith, and without knowledge of the mortgage. The court below held that the lien created by-the corrected mortgage took effect prior to the deed to Clements, and seemed to base this conclusion upon the idea that the creditor had “in no manner altered his condition by reason of the conveyance.”
This argument is fallacious, for the creditor’s condition was changed the moment he accepted the conveyance in payment of his debt. From that time he ceased to be a creditor, and had no right to maintain an action upon his former claim. This is a radical change of condition.
We think that Clements, having taken the conveyance in payment of a pre-existing debt, occupies in this transaction the position of a bona fide purchaser for value.
In the cases Carlisle v. Wishart, 11 Ohio, 173; Roxborough v. Messick, 6 Ohio St., 448; Lewis v. Anderson, 20 Ohio St., 281, we find nothing that conflicts with our conclusion, but, on the other hand, there is much said in them which supports us.

Judgment reversed.